UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ANTHONY ARMSTEAD,

                  Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS
COMMUNITY SUPERVISION; NEW YORK
CITY DEPARTMENT OF CORRECTIONS;
STATE OF NEW YORK EXECUTIVE
DEPARTMENT DIVISION OF PAROLE,

                  Defendants.
------------------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 28 2013 ★

BROOKLYN OFFICE

MEMORANDUM AND ORDER

13- CV-88 (ENV)(JMA)

VITALIANO, D.J.

On January 3, 2013, plaintiff Anthony Armstead, currently incarcerated at Coxsackie Correctional Facility, filed this *pro se* action for damages under 42 U.S.C. § 1983 alleging that he was detained 112 days beyond the expiration of his prison term on a prior conviction and sentence. Complaint at 5. Armstead's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but his claims against all defendants are dismissed.

## BACKGROUND

For two 2002 convictions, Armstead was sentenced to five years incarceration followed by five years of post-release supervision. He was released from prison on March 3, 2006, but returned to custody on January 9, 2009 for a parole violation. He was held at Rikers Island until June 3, 2009, at which point he was transferred to Downstate Correctional Facility. "[A]fter going through reception" at Downstate, he was immediately transferred again to Willard Drug Treatment Campus, where he stayed for 97 days until leaving on September 22, 2009. He then returned to custody on July 16, 2011 on a parole violation, and was held until May 22, 2012.



1

Armstead alleges that the date on which he was released back to parole supervision was actually September 22, 2009 (the date he exited Willard), rather than June 3, 2009 (the date he entered Willard). He claims that, because of the miscalculation, he was held 112 days beyond the expiration of his sentence. He also contends that he filed multiple claims in state court and wrote letters to various officials in an effort to remedy this error, and now seeks damages under 42 U.S.C. § 1983 for the 112 days he allegedly served in excess of his sentence.

## STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *See also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (per curiam) (upholding *sua sponte* dismissal of frivolous complaint under § 1915A(b)).

Similarly, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, regardless the results, *pro se* pleadings are held to less stringent standards than those drafted by attorneys, and the Court must read a *pro se* complaint

2

liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). The Court must be particularly solicitous when reviewing a complaint that alleges civil rights violations, as Armstead's does. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1930. At the same time, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (internal citations and quotations omitted). On the other hand, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011). All that is required is "a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*

## DISCUSSION

### A. The Statutory Framework of § 1983

To state a claim under § 1983, a plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the

Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Armstead maintains that by detaining him in prison for 112 days past the date his sentence allegedly expired, defendants violated his federally safeguarded civil rights. *See Moore v. Tartler*, 986 F.2d 682, 686 (3rd Cir. 1993) ("Subjecting a prisoner to detention beyond the termination of his sentence has been held to violate the eighth amendment's proscription against cruel and usual punishment.").

It is unclear, however, who the precise defendants are. In the caption, Armstead lists the New York City Department of Correction ("DOC"), the [New York State] Department of Corrections and Community Supervision ("DOCCS"), and the New York State Division of Parole ("DOP"). In the body of his complaint, he also discusses two individual officers whom he seems to consider defendants: Andrea Evans, the CEO and Chairwoman of the DOP, and the Commissioner of the New York City Department of Correction, whose name he does not specify (together, "the supervisory defendants"). However, on these facts, as discussed below, none of these entities are liable to suit under § 1983.

### B. *DOC Is Not Suable*

DOC, an agency of New York City government, is not a proper defendant to a § 1983 action since such agencies cannot be sued independently under that statute. *See, e.g., Nnebe v. Daus*, 644 F.3d 147, 158 n.6 (2d Cir. 2011) ("It is well settled in this Court that, as a general matter, agencies of New York City are not suable entities in § 1983 actions."); *Graham v. City of New York*, 869 F.Supp.2d 337, 348 (E.D.N.Y. 2012) ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.") (quoting N.Y. City. Charter, Ch. 17 § 396); *Adams v. Galletta*, 966 F.Supp. 210, 212 (S.D.N.Y.1997) ("where a plaintiff has named the Department of Corrections as a defendant he has sued a non-suable entity"). Thus, the claim against DOC is dismissed because it "seek[s] monetary relief from a

defendant who is immune from such relief" and fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b)(1)-(2).

    C. *DCCS and DOP Are Immune from Suit*

Amstead's claims against DOP and DOCCS also fail because these entities are arms of the State of New York. As such, they are immune under the 11th Amendment from suits for damages in federal court. *Jones v. New York State Division of Military and Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (holding that the 11th Amendment bars § 1983 suits against state agencies); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of § 1983 claims against DOCCS on 11th Amendment grounds); *McCloud v. Jackson*, No. 00-31, 2001 WL 99820, at **2 (2d Cir. Feb. 02, 2001) (affirming dismissal of § 1983 claims against DOP on 11th Amendment grounds). However, although the 11th Amendment's jurisdictional bar would not apply if Congress had expressly abrogated the state's immunity pursuant to its valid constitutional authority or if the state had waived that immunity, *see Kostok v. Thomas*, 105 F.3d 65, 68 (2d Cir. 1997), neither exception applies here.

First, the Supreme Court has held that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Second, a state will be found to have waived its 11th Amendment immunity "only . . . by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (internal quotations omitted). There is no evidence at all that New York has waived its 11th Amendment immunity with respect to the DOP and DOCCS. On the contrary, each agency has successfully asserted 11th Amendment immunity to dismiss claims against it. *See, e.g., Stone v. New York City Dept. of Homeless Services*, 159 Fed. Appx. 324, 326 (2d Cir. 2005) (dismissing § 1983 claim against DOP on 11th Amendment grounds); *Davis v. New York*, 316

F.3d 93, 101 (2d Cir. 2002) (dismissing § 1983 claim against DOCCS on 11th Amendment grounds). Accordingly, since neither exception applies, Armstead's claims against DOP and DOCCS are dismissed in this case as well.

### D. *The Supervisory Defendants*

To the extent Armstead intends to sue the supervisory defendants, he fails to allege facts sufficient to overcome dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). "Supervisory officials cannot be held liable under § 1983 solely for the acts of others; 'there must be some showing of personal responsibility.'" *Garrido v. Coughlin*, 716 F.Supp. 98, 100 (S.D.N.Y. 1989) (quoting *Duchesne v. Sugarman*, 566 F.2d 817, 830 (2d Cir. 1977)). Personal involvement may be shown by evidence that

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

Armstead's only allegations against the supervisory defendants is that they failed to respond to letters he sent them complaining of his detention. Standing alone, this is not enough to state a claim under § 1983. There are no facts at all indicating that the first, third or fourth liability-supporting scenarios described in *Colon* apply. Notwithstanding that the second and fifth scenarios appear somewhat more tenable, Armstead's complaint still falls short, since it offers no facts to show that either of the supervisory defendants actually received and read his letters, or that they were at any point aware of the circumstances of his detention. Persuasively, courts have dismissed § 1983 claims on similar facts. *See, e.g., Garrido v. Coughlin*, 716 F.Supp.

6

98, 100 (S.D.N.Y. 1989) (DOCCS Commissioner's "only alleged connection to this case—that he ignored [plaintiff's] letter of protest and request for an investigation of the allegations made in this action—is insufficient to hold him liable" under § 1983); *Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y. 2000) (allegations that supervisory officials had ignored plaintiff's written complaints about the conduct of subordinate prison officials were "insufficient to hold these Official/Supervisory Defendants liable under § 1983"); *Batista v. Goord*, 03-CV-0523(DNH/GHL), 2005 WL 2179420, at *7 (N.D.N.Y. Aug. 28, 2005) (rejecting prisoner's § 1983 claim because he had "offered no evidence indicating that DOCS Commissioner Goord actually received Plaintiff's sole letter to him," and because the letter would not demonstrate Commissioner's personal involvement in any event); *Smart v. Goord*, 441 F.Supp.2d 631, 643 (S.D.N.Y. 2006) ("Commissioner Goord cannot be held liable on the sole basis that he did not act in response to letters of protest sent by [plaintiff] on July 12 and July 20, 2003."). *But cf. Wright v. Smith*, 21 F.3d 496, 502 (2d Cir. 1994) (prison superintendent could be liable under § 1983 where facts indicated that he had actually been served prisoner's habeas corpus petition alleging ongoing violations). Accordingly, Armstead's claims against the supervisory defendants are dismissed.

### E. *Status of Willard Drug Treatment Facility*

Furthermore, Armstead's complaint is fundamentally flawed at its core. Even if he had named a suable defendant, his claim would still fail as a matter of law. Armstead's causes of action all hinge upon his assertion that he was released to parole supervision not on the date he entered Willard— June 3, 2009—but on the date he left Willard—September 22, 2009. In effect, he contends that the time he spent in the Willard Drug Treatment Program counted as time spent in prison, rather than time spent on parole supervision. His theory, presumably, is that his prison

sentence had expired and without some sort of parole revocation process, he could not be re-incarcerated. Yet, it is readily apparent that, under New York statutory law, enrollment in the Willard Drug Treatment Program is considered a condition of parole supervision, and those who participate in it remain on parole status rather than correctional custody status. *See* CPL § 410.91(1), (6)-(8) (describing the enrollment in the program as a "condition[] of parole" and designating its participants as "parolees). There is no claim by Armstead that the disputed 112 days he would have improperly extended the length of his parole supervision. Since the issue is unchallenged, it must be assumed that Armstead was properly determined to have been on parole release during his stay at Willard. His claim that he was detained past the expiration of his prison date is therefore wholly without merit. Repleading it in any form would be futile.

## CONCLUSION

In line with the foregoing, plaintiff's complaint is dismissed in its entirety, and no summons shall issue as to any defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Normally, a pro se plaintiff is granted leave to amend a complaint at least once prior to dismissal when a liberal reading of the complaint suggests that a valid claim might be stated. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). But leave to replead is not necessarily granted. When it is clear that a pro se plaintiff's claims are meritless as a matter of law and that any repleading would be futile, leave is inappropriate. *Id.* Such is the case here. Armstead's grievances are incumbent on his belief that he was released to parole when he left Willard. Yet, as CPL § 410.91 specifically provides, this is incorrect; he was released to or remained on parole supervision when he *entered* Willard. Accordingly, even if Armstead had named proper defendants, his claims would fail as a matter of law, and repleading would be futile. Leave to amend, as a result, will not be granted.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order

would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

/s/

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
March 21, 2013